# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00402-CR

**Charles Eugene Herfurth, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 32511, THE HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Charles Eugene Herfurth was placed on community supervision after he pled guilty to possession of a controlled substance by fraud. *See* Tex. Health & Safety Code § 481.129(a)(5)(A); Tex. Code Crim. Proc. art. 42.12, § 3. Subsequently, the trial court revoked appellant's community supervision and sentenced him to ten years in the Texas Department of Criminal Justice.[1] *See* Tex. Code Crim. Proc. art. 42.12, §§ 21, 23.

---

[1] The State's motion to revoke contained two allegations: appellant's failure to report to his community supervision officer and the failure to pay community supervision service fees. After appellant pled true to the second allegation, the State presented evidence as to appellant's failure to report as well as his failure to pay fees. At the conclusion of the revocation hearing, the trial court found that appellant had violated the terms and conditions of his community supervision by failing to report as alleged in the motion to revoke. The court explicitly declined to consider appellant's failure to pay his community supervision fees because it could not find by a preponderance of the evidence that appellant had the ability to pay.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988).

The record reflects that counsel provided a copy of the brief to appellant and advised him of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed.

We have reviewed the record, including appellate counsel's brief and the record of the revocation proceeding, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted. The trial court's judgment revoking community supervision is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: May 28, 2014

Do Not Publish

2